UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11514 WGY   Civil Action No.

LOUIS W. DESIMONE and )
DESIMONE ASSOCIATES, INC., ) MAGISTRATE JUDGE Alexander
)
Plaintiffs, ) RECEIPT # 57039
) DEFENDANT'S NOTICE 150
v. ) OF REMOVAL SUMMONS ISSUED N/A
) LOCAL RULE 4.1
ATLANTIC PRECISION SPRING, INC., ) WAIVER FORM
) MCF ISSUED
Defendant. ) BY DPTY. CLK. TO.M
) DATE 7/6/04

Pursuant to 28 U.S.C. §§ 1441(a) and (b) and §§ 1446(a) and (b), Defendant Atlantic Precision Spring, Inc.("Defendant") hereby files its notice of removal of the civil action filed by Plaintiffs Louis W. Desimone and Desimone Associates, Inc (collectively "Plaintiffs") in the Commonwealth of Massachusetts Superior Court, Norfolk County, styled, *Louis W. Desimone and Desimone Associates, Inc, a Massachusetts Corporation v. Atlantic Precision Spring, Inc., a Connecticut Corporation doing business in the Commonwealth of Massachusetts., Civil Action No. 04-00970* ("state court civil action"). In support of its notice of removal, Defendant states the following grounds for removal:

1. On June 15, 2004 Defendant received the summons and complaint in the state court civil action which asserted various claims sounding in contract tort and an alleged violation of M.G.L. c. 104, §§ 8 and 9 arising out of a former relationship between Plaintiff and Atlantic Precision Spring. True and accurate copies of the summons, complaint and the state court civil action sheet filed in the state civil action are enclosed behind Tab "1".

2. In paragraphs one and two of the state court civil action complaint, Plaintiffs aver that they are citizens of MA.

3. In paragraph three of the state court civil action complaint Plaintiffs aver that Atlantic Precision Spring is a Connecticut corporation with its principal place of business in Connecticut doing business in the Commonwealth of Massachusetts.

4. Plaintiffs' claims are premised on allegations that Defendant unlawfully failed to pay all commissions due them after their termination as sales representatives under a written sales

agreement. Plaintiffs' causes of action against Defendant includes: breach of contract, detrimental reliance, misrepresentation and violation of M.G.L. c. 104, §§ 8 and 9. Plaintiffs' state court civil action complaint avers that Plaintiffs have suffered "great financial loss." In the state court civil action cover sheet, Plaintiffs claim they are entitled to damages in the amount of $164,000.00. *See Tab 1 (Civil Action Cover Sheet)*.

5. Accordingly, removal to this Court of Plaintiffs' state court civil action is proper under 28 U.S.C. §1441(b) on grounds of diversity of citizenship. This action is removable because Defendant is a citizen of a state other than Massachusetts while Plaintiffs are citizens of Massachusetts and the amount in controversy exceeds Seventy-five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs. Thus, diversity jurisdiction in this Court is proper under 28 U.S.C. §1332.

6. Pursuant to 28 U.S.C. §1446(d), a Notice to Plaintiffs of Defendant's Filing of Notice of Removal was served on Plaintiff and filed with the clerk of the Commonwealth of Massachusetts Superior Court for Norfolk County, Massachusetts. A copy of such notice to Plaintiffs is enclosed behind Tab "2."

WHEREFORE, Defendant respectfully requests that this action proceed in this Court as an action properly removable to it.

Respectfully submitted,

DEFENDANT
ATLANTIC PRECISION SPRING, INC.,

By its attorneys,

Donald L. Graham, Esq., BBO# 206340
Michael F.X. Dolan, Jr., Esq., BBO# 565876
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Ste. 410
Quincy, MA 02160
617.479.5000

CERTIFICATE OF SERVICE

I certify that on this ___ day of July, 2004, I served a copy of the foregoing Defendant's Notice of Removal by sending the same by first-class mail, postage prepaid to Claude B. Lavallee, Esquire, Attorney for Plaintiff, 33 Bedford Street, Lexington, MA 02420.

Michael F.X. Dolan, Jr., Esq.

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:—
TORT – MOTOR VEHICLE TORT – (CONTRACT) –
EQUITABLE RELIEF – OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 04 00970

Louis W. DeSimone, and
DeSimone Associates, Inc.
A Massachusetts Corp.
................................................, Plaintiff(s)

Serve:
Atlantic Precision Spring Inc
Agent: Gary D. Constant, Esq.
101 West Street
Bristol, Connecticut
06010

v.
Atlantic Precision Spring, Inc.,
A Connecticut Corporation doing business
in the Commonwealth
of Massachusetts
................................................, Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Claude B. Lavallee, plaintiff's attorney, whose address is 33 Bedford St., Ste 9, Lexington, MA 02410, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, Esquire, at Dedham, MA the 10th day of June, in the year of our Lord two thousand and Four.

............................................ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04 00970 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

PLAINTIFF(S): Louis W. DeSimone

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE:
Claude B. Lavalles, Esq.
33 Bedford St., Ste. #9
Lexington, MA 02420    (781) 861-6573
Board of Bar Overseers number: 566567

DEFENDANT(S): Atlantic Precision Spring, Inc.

ATTORNEY (if known):

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.: A01
TYPE OF ACTION (specify): Contract Service/Labor
TRACK: (F)
IS THIS A JURY CASE? (✓) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................................ $.......
 2. Total Doctor expenses ................................ $.......
 3. Total chiropractic expenses ........................... $.......
 4. Total physical therapy expenses ...................... $.......
 5. Total other expenses (describe) ...................... $.......
    Subtotal $.......
B. Documented lost wages and compensation to date ....... $.......
C. Documented property damages to date .................. $.......
D. Reasonably anticipated future medical and hospital expenses $.......
E. Reasonably anticipated lost wages ..................... $.......
F. Other documented items of damages (describe)
    $.......
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
    $.......

TOTAL $.......

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Breach of Sales Representation Agreement by Atlantic Precision Spring, Inc. by failing to pay its independent sales representative "30 days regular commissions for every year of service". Mr. DeSimone has served 29 years; 10 months under this agreement. Mr. DeSimone is entitled to 29 months of termination benefits (at $568) equal to $164,778 due 11/15/03 as termination letter dated 10/31/03.    TOTAL $ 164,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record: Claude B. Lavalles    DATE: 6/10/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

THE COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

Superior Court Department
Of the Trial Court Dept.
Civil Action No. 4 C0970

LOUIS W. DESIMONE and
DESIMONE ASSOCIATES, INC.,
a Massachusetts Corporation
**Plaintiffs**

v.

ATLANTIC PRECISION SPRING, INC.,
a Connecticut Corporation doing business
in the Commonwealth of Massachusetts,
**Defendant**

## COMPLAINT

Parties:

1. Plaintiff Louis W. DeSimone is an individual residing at 27 Nevada Road, County of Norfolk, Town of Needham, and in the Commonwealth of Massachusetts and working as a principal for DeSimone Associates.

2. Plaintiff DeSimone Associates, Incorporated is a Corporation duly licensed in the Commonwealth of Massachusetts with its principle place of business at 24 Crescent Road, in the Town of Needham Heights, in the Commonwealth of Massachusetts.

3. Defendant Atlantic Precision Spring, Inc. was at all relevant times herein a corporation licensed in the State of Connecticut and at all relevant times maintained Offices at 125 Ronzo Road, County of Hartford, Town of Forestville, and State of Connecticut, and said Atlantic Precision Spring, Inc. is doing business in the Commonwealth of Massachusetts.

Jurisdictional Statement:

4. This Honorable Court has jurisdiction over this action under Massachusetts General Laws, Chapter 212 section 4.

Facts:

5. At all times herein concerned the Defendant Atlantic Precision Spring, Inc. is a Connecticut Corporation doing business in the Commonwealth of Massachusetts holding themselves out to the general public as a manufacturer of custom component parts ; i.e. specialty springs and stamping, etc.

6. That the Plaintiff Louis W. DeSimone held himself out as an independent sales and manufacture's representative for hire in the Commonwealth of Massachusetts and State of Rhode Island.

7. That on/or about January 1, 1974 Atlantic Precision Spring, Inc.( hereinafter referred to as Atlantic) entered into written sales representative contract with the Plaintiff Louis W. DeSimone. ( See Exhibit A1).

8. That said sales contract provided in part that the Plaintiff Louis W. DeSimone would be appointed the independent sales agent to solicit sales of the Defendant Atlantic Precision Spring, Inc. products as well as other products and/or services available through Atlantic.

9. That for all times thereafter, up to October 31, 2003, the Plaintiff Louis W. DeSimone and the Plaintiff DeSimone Associates, Inc. marketed and performed sales of the Defendant Atlantic's products in the Commonwealth of Massachusetts, New Hampshire, Vermont, Maine, and Rhode Island

10. For all times thereafter, up to October 31, 2003, the Defendant Atlantic provided the Plaintiff with their products for sale and was contractually obligated to pay the Plaintiffs an amount equal to five percent (5%) for all sales in the regions of the Commonwealth of Massachusetts, New Hampshire, Vermont, Maine and Rhode Island.

11. That on October 31st, 2003, Neil Fries, President and Agent of the Defendant Atlantic, sent a termination letter to the Plaintiffs allegedly terminating the Plaintiffs' services as a manufacturer's sales representative for Atlantic Precision Spring, Inc.

12. That the practices of the Defendant Atlantic was to pay the Plaintiffs' commissions on a monthly basis after completion of the monthly sales.

13. That at all times there was a Massachusetts Statute regulating the conduct and the payment of commissions between principals and sales representatives. M.G.L. 104, Sec 8.

14. That at all times there was a Massachusetts Statute requiring the prompt payment of commissions earned between principals and sales representatives. M.G.L. 104, Sec 9.

## COUNT 1- BREACH OF CONTRACT

15. Plaintiff Louis W. DeSimone re-alleges each and every one of the allegations contained in paragraph one through fourteen as paragraphs one through fourteen of Count 1.

16. That the Defendant Atlantic on or after October 31, 2003 has failed to pay the Plaintiff Louis W. DeSimone the monthly regular sales commissions due to the Plaintiff for services rendered under the terms of the contract due prior to October 31, 2003.

17. That the Defendant Atlantic on or after October 31, 2003 has failed to pay the Plaintiff Louis W. DeSimone the monthly regular sales commissions provided for under the January 1974 sales contract for any of the months after December 31, 2003 (due after the termination of the Plaintiff).

18. That as a result of the Defendant Atlantic's breach of contract the Plaintiff has not been paid regular commissions due in direct breach of the above referenced January 1974 contract and Plaintiff has experienced great financial loss and the lost the opportunity of new business as a result thereof.

Wherefore the Plaintiff Louis DeSimone prays this Honorable Court for Judgment against Defendant Atlantic for compensatory and exemplary damages.

## COUNT 2- VIOLATION OF MASSACHUSETTS GENERAL LAWS, CHAPTER 104, SECTION 8 AND 9

19. Plaintiff Louis W. DeSimone re-alleges each and every allegation contained in paragraphs one through eighteen as paragraphs one through eighteen of Count 2.

20. Defendant Atlantic has violated Massachusetts law by failing to pay withing fourteen days all commissions due to Plaintiff after Plaintiff's termination, and Defendant has failed to pay commissions due Plaintiff within fourteen days as provided under the written sales representative agreement all in direct violation of Massachusetts Law, M.G.L. Chp 104, sec 8.

21. Defendant Atlantic has willfully and knowingly failed to comply with Massachusetts Laws relating to the prompt payment of commissions to its Manufacturer's sales representative Plaintiff Louis DeSimone in violation of the Massachusetts Laws, M.G.L., Chp, Sec 9.

22. That as a result of Defendant Atlantic's failure to comply with Massachusetts Laws relating to the prompt payment of sales representative commissions the Plaintiff Louis W. DeSimone has suffered great financial losses and lost the opportunity of new business; and Plaintiff has not received the monthly sales commissions earned, nor has the Plaintiff received those regular commissions pursuant to the contract terms due after Plaintiff's termination.

Wherefore the Plaintiff Louis W. DeSimone prays this Honorable Court for Judgment against Defendant Atlantic for compensatory, exemplary and treble damages, inclusive of attorney fee's and court costs.

## COUNT 3 - DETRIMENTAL RELIANCE

23. Plaintiff Louis W. DeSimone re-alleges each and every allegation contained in paragraphs one through eighteen as paragraphs one through eighteen of Count 3.

24. That the Plaintiff Louis W. DeSimone in reliance on the terms of the sales representative contract executed in January of 1974 with Defendant Atlantic continued as independent agent contract for some thirty years with the expectation that Plaintiff would receive regular sales commissions after termination equal to a monthly commissions payment for each year that the Plaintiff worked under said contract (after two years from the date of its inception).

25. That the Defendant Atlantic has failed to pay the Plaintiff Louis W. DeSimone the regular commission due as set out herein including those regular commissions due after Plaintiff's termination.

26. As a direct result of Plaintiff Louis W. DeSimone's reliance on the Defendant Atlantic's contractual representations Plaintiff has suffered great financial loss and lost the opportunity of new business; and Plaintiff has not received the monthly sales commissions earned, nor has the Plaintiff received those regular commissions pursuant to the contract terms due after Plaintiff's termination.

Wherefore the Plaintiff Louis W. DeSimone prays this Honorable Court for Judgment against Defendant Atlantic for compensatory and exemplary damages.

## COUNT 4 - MISREPRESENTATION

27. Plaintiff Louis W. DeSimone re-alleges each and every allegation contained in paragraphs one through eighteen, and twenty three though twenty six, as paragraphs one through eighteen, and paragraphs twenty three through twenty six of Count 4.

28. Defendant Atlantic knowingly and willingly entered into contract with the Plaintiff Louis DeSimone promising the Plaintiff inducements and financial rewards in return for the Plaintiff performing under the terms of the contract.

29. Defendant Atlantic and its agents and successors in interest at all relevant time knew or should have known of the contract terms, inducements and promises made to the Plaintiff Louis W. DeSimone in return for the Plaintiff's performances and actions.

30. Defendant Atlantic, its agents and successors in interest at all relevant times knew or should

have known that they would not pay Plaintiff the regular commission payments due after Plaintiff's performance.

31. As a direct result of Defendant Atlantic's knowing and willful misrepresentations Plaintiff Louis W. DeSimone has suffered great financial losses and lost the opportunity of new business. Plaintiff has not received the monthly sales commissions earned, nor has the Plaintiff received those regular commissions pursuant to the contract terms due after Plaintiff's termination.

Wherefore the Plaintiff Louis W. DeSimone prays this Honorable Court for Judgment against Defendant Atlantic for compensatory and exemplary damages

## COUNT 5- BREACH OF CONTRACT

32. Plaintiff DeSimone Associates, Inc re-alleges each and every one of the allegations contained in paragraph one through fourteen as paragraphs one through fourteen of Count 5.

33. That the Defendant Atlantic on or after October 31, 2003 has failed to pay the Plaintiff DeSimone Associates, Inc the monthly regular sales commissions due to the Plaintiff for services rendered under the terms of the contract due prior to October 31, 2003.

34. That the Defendant Atlantic on or after October 31, 2003 has failed to pay Plaintiff DeSimone Associates, Inc. the monthly regular sales commissions provided for under the January 1974 sales contract for any of the months after December 31, 2003 (due after the termination of the Plaintiff).

35. That as a result of the Defendant Atlantic's breach of contract the Plaintiff has not been paid regular commissions due in direct breach of the above referenced January 1974 contract and Plaintiff has experienced great financial loss and the lost the opportunity of new business as a result thereof.

Wherefore the Plaintiff DeSimone Associates, Inc. prays this Honorable Court for Judgment against Defendant Atlantic for compensatory and exemplary damages.

## COUNT 6- VIOLATION OF MASSACHUSETTS GENERAL LAWS, CHAPTER 104, SECTION 8 AND 9

36. Plaintiff DeSimone Associates, Inc re-alleges each and every allegation contained in paragraphs one through fourteen and thirty two through thirty five as paragraphs one through fourteen and thirty two through thirty five of Count 6.

37. Defendant Atlantic has violated Massachusetts law by failing to pay withing fourteen days all commissions due to Plaintiff after Plaintiff's termination, and Defendant has failed to pay commissions due Plaintiff within fourteen days as provided under the written sales

representative agreement all in direct violation of Massachusetts Law. M.G.L. Chp 104, sec 8.

38. Defendant Atlantic has willfully and knowingly failed to comply with Massachusetts Laws relating to the prompt payment commissions to its Manufacturer's sales representative Plaintiff in violation of the Massachusetts Laws. M.G.L., Chp, Sec 9.

39. That as a result of Defendant Atlantic's failure to comply with Massachusetts Laws relating to the prompt payment of sales representative commissions the Plaintiff DeSimone Associates, Inc has suffered great financial losses and lost the opportunity of new business; and Plaintiff has not received the monthly sales commissions earned, nor has the Plaintiff received those regular commissions pursuant to the contract terms due after Plaintiff's termination.

Wherefore the Plaintiff DeSimone Associates, Inc prays this Honorable Court for Judgment against Defendant Atlantic for compensatory, exemplary and treble damages, inclusive of attorney fee's and court costs.

## COUNT 7 - DETRIMENTAL RELIANCE

40. Plaintiff DeSimone Associates, Inc re-alleges each and every allegation contained in paragraphs one through fourteen and thirty two through thirty five as paragraphs one through fourteen and thirty two through thirty five of Count 7.

41. That the Plaintiff in reliance on the terms of the sales representative contract executed in January of 1974 with Defendant Atlantic the Plaintiff DeSimone Associates, Inc continued as an independent agent under contract for some thirty years with the expectation that Plaintiff would receive regular sales commissions after termination equal to a monthly commissions payment for each year that the Plaintiff worked under said contract (after two years from the date of its inception).

42. That the Defendant Atlantic has failed to pay the Plaintiff DeSimone Associates, Inc. the regular commission due as set out herein including those regular commissions due after Plaintiff's termination.

43. As a direct result of Plaintiff DeSimone Associates, Inc.'s reliance on the Defendant Atlantic's contractual representations Plaintiff has suffered great financial loss and lost the opportunity of new business; Plaintiff has not received the monthly sales commissions earned, nor has the Plaintiff received those regular commissions pursuant to the contract terms due after Plaintiff's termination.

Wherefore the Plaintiff DeSimone Associates, Inc. prays this Honorable Court for Judgment against Defendant Atlantic for compensatory and exemplary damages.

## COUNT 8 - MISREPRESENTATION

44. Plaintiff DeSimone Associates, Inc. re-alleges each and every allegation contained in paragraph one through fourteen, and thirty two through forty three as paragraphs one through fourteen and thirty two through forty three of Count 8.

45. Defendant Atlantic knowingly and willingly entered into contract with the Plaintiff promising the Plaintiff inducements and financial rewards in return for the Plaintiff performing under the terms of the contract.

46. Defendant Atlantic and its agents and successors in interest at all relevant time knew or should have known of the contract terms, inducements and promises made to the Plaintiff in return for the Plaintiff's performance and actions.

47. Defendant Atlantic and its agents and successors in interest at all relevant times knew or should have known that they would not make the regular commission payments due to the Plaintiff DeSimone Associates, Inc after Plaintiff's performance.

48. As a direct result of Defendant Atlantic's knowing and willful misrepresentations Plaintiff DeSimone Associates has suffered great financial losses and lost the opportunity of new business and Plaintiff has not received the monthly sales commissions earned, nor has the Plaintiff received those regular commissions pursuant to the contract terms due after Plaintiff's termination.

Wherefore the Plaintiff DeSimone Associates, Inc. prays this Honorable Court for Judgment against Defendant Atlantic for compensatory and exemplary damages

Plaintiff Louis W. DeSimone and
Plaintiff DeSimone Associates, Inc.

*Claude B. Lavallee*
Claude B. Lavallee, Esq.
Law Offices of Claude B. Lavallee
33 Bedford Street, Ste 9
Lexington, MA 02420
(781) 861-6573
B.B.O # 566567

Date: June 10, 2004

Exhibit A₁

AGREEMENT made January 1, 1974 between Atlantic Precision Spring, Inc., Ronzo Road, Forestville, Connecticut and Louis W. DeSimone.

1. Atlantic Precision Spring, Inc. hereby appoints Louis W. DeSimone as an independent sales agent, to solicit spring business for the principal as well as promote the sales of any other products or services that Atlantic Precision Springs, Inc. may have available in the future.

2. The sales representative shall have the territory of: Massachusetts and Rhode Island, with the exception of ~~Bostitch~~ and Norris Industries.*
(See Footnote)

3. The regular commission is 5% of all sales. There is no commission on dies or tools involved in the manufacture of springs unless agreed upon specifically in special cases. All commissions will be paid to you on the 15th of the month for the previous month.

4. The sales agent agrees to work diligently in promoting sales for the principal. All leads and quotations will be followed up promptly and the results will be reported back to Atlantic Precision Spring, Inc.

5. All traveling and incidental expenses will be borne by you. You will not assume responsibility for any expenditures for this company. You will not make any statements to customers regarding terms, deliveries, and conditions not specifically authorized by us in writing.

6. The relationship hereby established between parties does not constitute that of employer and employee, but that of independent contractors. You are not authorized to, and agree that you will not, enter into any contract or agreement in the name of or on behalf of this company.

7. This agreement between parties hereto, shall continue in force until terminated by either party upon thirty (30) days notice by registered mail to the last known address, and within said thirty (30) days you are to return any and all samples, catalogues, price lists and other materials belonging to us.

8. The representative will enjoy regular commission for thirty (30) days after termination. After two (2) years the representative will enjoy thirty (30) days for every year of representation from the above date.

* ~~Bostitch and~~ Norris Industries will be negotiated the first of July.

ACCEPTED:

_Louis W. DeSimone_

DATE: 1/25/74

ATLANTIC PRECISION SPRING, INC.

_Henry J. Seace_

1/1/74

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Louis W. Desimone and
Desimone Associates, Inc.

**DEFENDANTS**
Atlantic Precision Spring, Inc.

**(b)** County of Residence of First Listed Plaintiff  Norfolk, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Donald L. Graham, Esq., BBO# 206342
Michael F.X. Dolan, Jr., Esq., BBO# 565876
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Ste. 410
Quincy, MA 02169   (617) 479-5000

Attorneys (If Known)
Claude B. Lavallee, Esq., BBO# 566567
33 Bedford Street, Ste. 9
Lexington, MA 02420
(781) 861-6573

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendant removes Plaintiff's state court civil action under 28 USC, §1441(b). Diversity in jurisdiction exists under 28 USC, §1332. Plaintiffs claim Defendant unlawfully failed to pay them commissions due them under a written agreement after their termination as sales representatives.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   None.   JUDGE _____   DOCKET NUMBER _____

DATE  7/6/04

SIGNATURE OF ATTORNEY OF RECORD  /s/ Michael F.X. Dolan  617-479-5000  BBO#565876

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Louis W. Desimone v. Atlantic Precision Spring, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   *04 11514 WGY*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Donald L. Graham
                 Michael F.X. Dolan, Jr.
                 Murphy, Hesse, Toomey &Lehane, LLP
ADDRESS          300 Crown Colony Dr., Ste. 410, Quincy, MA 02169
TELEPHONE NO.    (617)479-5000

(Coversheetlocal.wpd - 10/17/02)