UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11514-WGY

_____
                                    )
LOUIS W. DESIMONE and               )
DESIMONE ASSOCIATES, INC.,          )
                                    )
        Plaintiffs,                 )
                                    )   **DEFENDANT'S ANSWER**
v.                                  )
                                    )
ATLANTIC PRECISION SPRING, INC.,    )
                                    )
        Defendant.                  )
_____)

Pursuant to Fed. Rs. Civ. P. 8 and 12, Defendant Atlantic Precision Spring, Inc.("Defendant") as its answer to Plaintiffs Louis W. Desimone ("Louis Desimone") and Desimone Associates, Inc.'s ("Desimone Associates")(collectively "Plaintiffs") complaint states as follows:

### *FIRST DEFENSE*

The complaint fails to state a claim upon which relief can be granted.

### *SECOND DEFENSE*

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2 of the complaint.

3. Defendant admits the averments in paragraph 3 of the complaint.

4. Paragraph 4 of the complaint avers state court subject matter jurisdiction which does not require a response.

5. Defendant admits the averments in paragraph 5 of the complaint.

6. Defendant admits the averments in paragraph 6 of the complaint.

7. The document referenced in paragraph 7 of the complaint speaks for itself and that any characterization inconsistent with the actual document is denied.

8. The document referenced in paragraph 8 of the complaint speaks for itself. Any

characterization which is contrary to or inconsistent with the actual document is denied.

9. Defendant admits that at various times between January 1, 1974 and October 31, 2003 Plaintiffs marketed Defendant's products in MA and RI. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 9 of the complaint.

10. Defendant admits that at various times between January 1, 1974 and October 31, 2003 Plaintiffs marketed its products for sale in MA and RI. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments that Plaintiffs marketed Defendant's products in the remaining states identified. The remaining averments about "contractual obligations" contain conclusions of law, which do not require an answer. To the extent an answer is required, Defendant denies the remaining averments in paragraph 10 of the complaint about "contractual obligations."

11. Defendant answers that the document referenced in paragraph 11 of the complaint speaks for itself. Any characterization which is contrary to or inconsistent with the actual document is denied.

12. Defendant admits the averments in paragraph 12 of the complaint.

13. Defendant denies the averments in paragraph 13 of the complaint.

14. Defendant denies the averments in paragraph 14 of the complaint.

### COUNT 1
*(Plaintiff Louis DeSimone – Breach of Contract)*

15. In response to paragraph 15 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 14 of the complaint as if fully repeated herein.

16. Defendant denies the averments in paragraph 16 of the complaint.

17. Defendant denies the averments in paragraph 17 of the complaint.

18. Defendant denies the averments in paragraph 18 of the complaint.

### COUNT 2
*(Plaintiff Louis DeSimone – Violation of M.G.L. c. 104, §§ 8 and 9)*

19. In response to paragraph 19 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 18 of the complaint as if fully repeated herein.

20. Defendant denies the averments in paragraph 20 of the complaint.

21. Defendant denies the averments in paragraph 21 of the complaint.

22. Defendant denies the averments in paragraph 22 of the complaint.

### COUNT 3
*(Plaintiff Louis DeSimone – "Detrimental Reliance")*

23. In response to paragraph 23 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 18 of the complaint as if fully repeated herein.

24. Defendant denies the averments in paragraph 24 of the complaint.

25. Defendant denies the averments in paragraph 25 of the complaint.

26. Defendant denies the averments in paragraph 26 of the complaint.

### COUNT 4
*(Plaintiff Louis DeSimone – Misrepresentation)*

27. In response to paragraph 27 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 18, 23 through 26 of the complaint as if fully repeated herein.

28. Defendant denies the averments in paragraph 28 of the complaint.

29. Defendant denies the averments in paragraph 29 of the complaint.

30. Defendant denies the averments in paragraph 30 of the complaint.

31. Defendant denies the averments in paragraph 31 of the complaint.

### COUNT 5
*(Plaintiff DeSimone Associates – Breach of Contract)*

32. In response to paragraph 32 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 14 of the complaint as if fully repeated herein.

33. Defendant denies the averments in paragraph 33 of the complaint.

34. Defendant denies the averments in paragraph 34 of the complaint.

35. Defendant denies the averments in paragraph 35 of the complaint.

## COUNT 6
### *(Plaintiff DeSimone Associates – Violation of M.G.L. c. 104, §§ 8 and 9)*

36. In response to paragraph 36 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 14 and 32 through 35 of the complaint as if fully repeated herein.

37. Defendant denies the averments in paragraph 37 of the complaint.

38. Defendant denies the averments in paragraph 38 of the complaint.

39. Defendant denies the averments in paragraph 39 of the complaint.

## COUNT 7
### *(Plaintiff DeSimone Associates – "Detrimental Reliance")*

40. In response to paragraph 40 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 14 and 32 through 35 of the complaint as if fully repeated herein.

41. Defendant denies the averments in paragraph 41 of the complaint.

42. Defendant denies the averments in paragraph 42 of the complaint.

43. Defendant denies the averments in paragraph 43 of the complaint.

## COUNT 8
### *(Plaintiff DeSimone Associates – Misrepresentation)*

44. In response to paragraph 44 of the complaint, Defendant incorporates by reference its answers to paragraphs 1 through 14 and 32 through 43 of the complaint as if fully repeated herein.

45. Defendant denies the averments in paragraph 45 of the complaint.

46. Defendant denies the averments in paragraph 46 of the complaint.

47. Defendant denies the averments in paragraph 47 of the complaint.

48. Defendant denies the averments in paragraph 48 of the complaint.

### THIRD DEFENSE

Counts 1 through 8 are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Pursuant to Fed. R. Civ. P. 9(b), the Court should dismiss with prejudice Counts 4 and 8 of Plaintiffs' complaint for failure to plead fraud with sufficient particularity.

### FIFTH DEFENSE

The Court should dismiss Counts 2 and 6 because the referenced statute – M.G.L. c. 104, §§ 8 and 9 – does not apply.

### SIXTH DEFENSE

Counts 1, 2, 5 and 6 are barred by a failure of consideration.

### SEVENTH DEFENSE

Counts 1 through 8 are barred by Plaintiffs' unclean hands to the extent they seek equitable remedies or relief.

### EIGHTH DEFENSE

The Court should dismiss Counts 5 through 8 because Plaintiff DiSimone Associates lacks contractual privity.

### NINTH DEFENSE

Counts 5 through 8 are barred by the statute of frauds.

### TENTH DEFENSE

Counts 1 through 8 are barred by the doctrine of abandonment.

### ELEVENTH DEFENSE

Counts 1 through 8 are barred by the doctrine of estoppel.

### TWELFTH DEFENSE

Counts 1 through 8 are barred by the doctrine of waiver.

### THIRTEENTH DEFENSE

Counts 1 through 8 are barred by the doctrine of payment.

### FOURTEENTH DEFENSE

Counts 1 through 8 are barred by Plaintiffs' laches to the extent they seek equitable remedies or relief.

### FIFTEENTH DEFENSE

Counts 3, 4, 7 and 8 are barred because Plaintiffs did not act reasonably in their alleged

reliance.

### *SIXTEENTH DEFENSE*

Counts 1 through 8 are barred by Plaintiffs' own breach of contract.

### *SEVENTEENTH DEFENSE*

Counts 2, 3, 4, 6, 7 and 8 are barred because Defendant acted in good faith.

### *EIGHTEENTH DEFENSE*

Counts 1 through 4 are barred because Plaintiff Louis DiSimone is not the real party in interest.

Respectfully submitted,

**DEFENDANT ATLANTIC PRECISION SPRING, INC.,**

By its attorneys,

MURPHY, HESSE, TOOMEY & LEHANE, LLP

 /s/
Donald L. Graham, BBO# 206340
dgraham@mhtl.com
Michael F.X. Dolan, Jr. BBO# 565876
mdolan@mhtl.com
300 Crown Colony Drive, Ste. 410
Quincy, MA 02269-9126
617.479.5000