UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

LOUIS W. DESIMONE, et . al.
  Plaintiff

Vs.

ATLANTIC PRECISION SPRING, INC.,
  Defendants

_____

CIVIL ACTION NO. O4—11514-WGY

PLAINTIFFS' AUTOMATIC REQUIRED DISCLOSURES
UNDER RULES 26(a) (1) OF F.R.C.P., AND
RULE 26.2 OF THE LOCAL RULES OF THE
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

  NOW COMES, the Plaintiffs Louis W. DeSimone and DeSimone Associates , Inc. Makes Amended Automatic Required Disclosures in accordance with Rule 26(a) (1) of Fed. R. Civ. P. and Ru1e 26.2 of the Local Rules of the United States District Court for the District of Massachusetts as set forth below. These disclosures are based on information reasonably available to Plaintiffs as of the date of this document. Plaintiffs reserve the right to supplement its disclosures based upon information developed in the course of discovery or further factual investigations.

(A) Individuals Having Discoverable Information:

  1. The following is a list of persons known to Plaintiffs Louis W. DeSimone who are likely to have discoverable information that Plaintiff may use to support its claims in this action. The following will have knowledge of the business relationship and contract existing between the parties as well as the contract:

  Louis W. DeSimone, 27 Nevada Road, Needham, Massachusetts

  Louise DeSimone, 27 Nevada Road, Needham, Massachusetts

  Defendant Atlantic Precision Spring Inc., its agents, its President Neil Fries and Terri

Fries, P.O. Box 9158, Forestville, CT. 06011

Joe Lameiras, 15 Shamrock Circle, Attleboro, MA. 02073

Henry Trace's family members( wife, children, in-laws) thought to be in the Connecticut area.

(B) <u>Description and Location of Documents</u> :
The description and location of all documents that the Plaintiffs may use in support of their claims are as follows:

1. All documents in the possession , custody and control of the defendant Atlantic Precision Spring, Inc., ( hereinafter to be referred to as Atlantic Precision) its President Neil Fries, and its Officers and agents inclusive of those detailed in Defendants' Statement of Automatic Disclosure dated September 9, 2004.

2. The Sales Representation Contract dated January 1974 between Louis DeSimone and Henry Trace.

3. Speed Memorandum form dated January 22, 1974 from Henry Trace, and Atlantic Precision Spring, Inc. together with Reply Memorandum dated January 25th, 1974 from Louis W. DeSimone.

4. Atlantic Precision Spring, Inc. letter dated June 1, 2001 directed to Louis DeSimone and signed by Henry Trace.

5. Letter dated July 24th, 2003 ( two pages) from Plaintiffs Louis W. DeSimone and DeSimone Associates, Inc. to Atlantic Precision Spring, Inc and Mr. Neil Fries.

6. Letter dated August 7th, 2003 ( three pages) from Plaintiffs Louis W. DeSimone and DeSimone Associates, Inc. to Atlantic Precision Spring, Inc and Mr. Neil Fries.

7. Letter dated September 18, 2003 from Plaintiffs Louis W. DeSimone and DeSimone Associates, Inc. to Atlantic Precision Spring, Inc. and Mr. Neil Fries.

8. Facsimile transmission dated September 19, 2003 from Plaintiffs Louis W. DeSimone and DeSimone Associates, Inc. to Atlantic Precision Spring, Inc. and Mr. Neil Fries.

9. Facsimile transmission dated October 10, 2003 from Plaintiffs Louis W. DeSimone and DeSimone Associates, Inc. to Atlantic Precision Spring, Inc. and Mr. Neil Fries.

10. Facsimile Transmission dated October 31, 2003 from Plaintiffs Louis W. DeSimone and DeSimone Associates, Inc. to Atlantic Precision Spring, Inc and Mr. Neil Fries.

11. Letter dated November 21st, 2003 ( two pages) from Plaintiffs Louis W. DeSimone and DeSimone Associates, Inc. to Atlantic Precision Spring, Inc and Mr. Neil Fries.

12. DeSimone Associates, Inc. financial documentation including Corporate tax returns and 1099's. Corporate bank statements showing deposits, and other related ledgers showing receipts evidencing commissions earned from Sales of Defendant's products.

(C) <u>Damages</u>

Plaintiff seeks all damages for breach of contract allowed under the 1974 Sales Representation Contract and the 29 plus years of employment thereunder. Plaintiff seeks $ 164,778 of benefits( representing monthly sales commissions of $5,682.03 multiplied by 29) under said contract, the rights and benefits of Plaintiffs are due from the date the Defendant terminated Plaintiffs. Plaintiffs also seek recovery for Defendant's failure to promptly pay sales commissions under M.G.L. Chapter 104 , Section 8 and 9, inclusive of interest, costs of litigation and attorneys's fees, for this litigation. Plaintiffs Complaint also has counts for recovery of damages for Defendant's Misrepresentation of facts in not delivering under the terms of the contract as

well as the damages for detrimental reliance on said terms.

(D)    Insurance Agreements:

These documents and knowledge of these agreements which may support Plaintiff's claim are in the possession, custody and control of the Defendant Atlantic Precision, its President and its agents.

DeSimone Associates, Inc. et. al

Respectfully submitted,
by its Attorney

/S/_____
Claude B. Lavallee, Esq.
B.B.O. 566567
33 Bedford Street, Ste 9
Lexington, MA. 02420
(781) 861-6573

Certificate of Service

I certify that on this 9th day of September 2004, I served a copy of Plaintiffs' Automatic Required Disclosures Under Rules 26(a)(1) of F.R.C.P., and Rule 26.2 of the Local Rules of the United States District Court for the District of Massachusetts, as set forth below, by first class mail, postage prepaid on the following:

Murphy, Hesse, Toomey & Lehane, Attn: Michael F.X. Dolan, Jr. 300 Crown Colony Drive, Ste 410 ( P.O. Box 9126) Quincy, MA. 02269-9126.

/S/_____
Claude B. Lavallee, Esq.